NOT DESIGNATED FOR PUBLICATION

No. 116,772

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID M. ALVARADO, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed July 28, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  David M. Alvarado appeals the district court's revocation of his probation. Finding no error, we affirm.

Alvarado pleaded guilty to possessing marijuana with the intent to distribute and to driving without a license. In September 2015, the district court sentenced him to an underlying 18-month prison sentence followed by a postrelease supervision period. However, the district court granted Alvarado's motion for a downward departure and placed Alvarado on 18 months' probation.

In April 2016, Alvarado was convicted in California of felony injury to a spouse, child, or cohabitant and of misdemeanor resisting arrest. After learning of Alvarado's

1

California convictions, the State moved to revoke Alvarado's probation. Alvarado stipulated to those California convictions. The district court heard testimony and then revoked Alvarado's probation and imposed his underlying 18-month prison term. We granted Alvarado's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

Under K.S.A. 2016 Supp. 22-3716(c)(8)(A), a district court may impose the sanction of probation revocation without first imposing lesser sanctions if the offender is convicted of a subsequent felony or misdemeanor while on probation. The factual question of whether there was a violation must be established by the State by a preponderance of the evidence. *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999).

Alvarado's stipulation that he was convicted of a felony and a misdemeanor in California constitutes an admission which is sufficient evidence to show by a preponderance of the evidence that Alvarado violated the terms of his probation.

The decision to revoke probation rests in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). The district court abuses its discretion if no reasonable person would have taken the position taken by the court. *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005). We have reviewed the record, including Alvarado's statement in support of an intermediate sanction. But the record also contains the judge's reasons for imposing the underlying sentence. We find no abuse of discretion because a reasonable person could have taken the same position as the district court.

Affirmed.